Jean-Paul Ciardullo (SBN 284170)
  jciardullo@foley.com
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2418
Telephone: 213-972-4500
Facsimile: 213-486-0065

*Attorneys for Plaintiffs*
*Kids2, LLC*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| KIDS2, LLC, a Georgia limited liability corporation, <br><br>        *Plaintiff*, <br>   vs. <br><br> BABY TREND, INC., a California corporation, <br><br>        *Defendant*. | Case No. 5:25-cv-2001 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** |

Kids2, LLC ("Kids2" or "Plaintiff"), by its undersigned counsel, hereby alleges, with knowledge with respect to its own acts and on information and belief as to other matters, the following in support of its Complaint against Baby Trend, Inc. ("Baby Trend " or "Defendant").

## NATURE OF THE ACTION

1.      Kids2 brings this action for patent infringement in order to seek remedies for Defendant Baby Trend's infringement of Kids2's patents covering certain convertible high chair products (U.S. Patent Nos. 9,101,225; 9,883,749; 10,278,513; 10,835,053; 11,534,006; and 11,653,771), collectively the "Asserted Patents." These have been attached as Exhibits A-F, respectively.

2.      As explained below, Baby Trend has infringed (both directly and/or indirectly, as well as literally and/or by equivalents), and continues to infringe the Asserted Patents by making, using, importing, selling, and/or offering to sell products covered by one or more patent claims within the United States, and/or by contributing to or inducing such infringement.

3.      This action arises under the patent laws of the United States, including Title 35, United States Code.

## PARTIES

4.      Kids2, LLC ("Kids2" or "Plaintiff") is a Georgia limited liability company with a principal place of business at 3333 Piedmont Road, Suite 1800, Atlanta GA 30305.

5.      Kids2 is a leading provider of solutions for parents and growing families, and designs and manufactures a variety of innovative products for children and their caretakers. Kids2 has developed innovative and award-winning designs and inventions for over 50 years. Kids2 product brands include Baby Einstein®, Bright Starts®, Ingenuity®, Summer® by Ingenuity®, and SwaddleMe® by Ingenuity®.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW

- 1 -

COMPLAINT FOR PATENT
INFRINGEMENT

6.     Defendant Baby Trend, Inc "Baby Trend" or "Defendant" is a corporation organized an existing under the laws of California, having a principal place of business at 13048 Valley Blvd, Fontana, CA 92335

## JURISDICTION AND VENUE

7.     This action arises under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271.This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a).

8.     This Court has personal jurisdiction over Baby Trend at least because Baby Trend is incorporated in the State of California.  This Court also has personal jurisdiction over Baby Trend at least because Baby Trend operates its business out of the State of California and purports to be headquartered within the State of California.  Additionally, Baby Trend has committed acts of infringement within the State of California, including by, at least, selling infringing products within the State of California.

9.     Venue is proper in the Central District of California under 28 U.S.C. §§ 1391 & 1400(b) as Baby Trend has its principal place of business in California, regularly conducts business within this District, has a regular and established place of business in this District, and has committed acts of infringement within this District.

10.     Specifically, Baby Trend maintains a principal place of business at 13048 Valley Blvd, Fontana, CA 92335, and from that location, conducts and/or directs the acts of accused infringement in this action.

11.     Baby Trend conducts business in this District by making, using, shipping, distributing, offering for sale, selling, and advertising (including through its interactive web page) its products, including products covered by one or more patent claims, in this District and across the State of California. Baby Trend's infringing activities include selling to retailers, who then sell infringing products in retail stores and/or online within this District.

## THE ASSERTED PATENTS

### High Chair Patents

12.    U.S. Patent Nos. 9,101,225 (the "'225 Patent"); 9,883,749 (the "'749 Patent"); 10,278,513 (the "'513 Patent"); 10,835,053 (the "'053 Patent"); 11,534,006 (the "'006 Patent"); and 11,653,771 (the "'771 Patent) are collectively referred to as the "High Chair Patents." Each of the High Chair Patents share a common specification, which describes a "convertible children's highchair" that "is adapted such that it can be converted for use by children of varying ages." *See* '225 Patent, 2:50-52.

13.    The shared specification goes on to describe different configurations of the convertible high chair, including a "toddler high chair", a "infant high chair," and a "infant booster seat":

> [I]n one embodiment, the high chair's first child seat may be configured as a toddler seat dimensioned for toddler-age children. As such, when the second child seat is detached, the high chair functions in a first configuration as a toddler high chair. In addition, the second child seat may be configured as an infant booster seat dimensioned for infant-age children. As such, when the second child seat is coupled to the first child seat, the high chair functions in a second configuration as an infant high chair. In such embodiments, the second child seat may also include a base surface configured to stably support the second child seat on a separate support surface (e.g., without the need to be attached to or mounted on a separate base or support member). As such, when the second child seat is detached, it may function on its own in a third configuration as an infant booster seat.

'225 Patent, 2:52-3:1.

14.    These exemplary configurations are illustrated in the Figures 1, 2, and 7 of the '225 Patent labelled below:



*Fig. 2*
**Toddler High Chair**

*Fig. 1*
**Infant High Chair**

*Fig. 7*
**Infant Booster Seat**

### U.S. Patent No. 9,101,225 (the '225 Patent)

15.     Kids2 is the owner of all rights, title and interest including the right to bring a suit for both ongoing and past patent infringement – in the '225 Patent, entitled "Convertible High Chair". The '225 Patent was granted on August 11, 2015 from Application No. 13/614,863 and lists Jessica Kostyniak, Jacob Sclare, and Daniel Corso as inventors. The '225 Patent claims priority to Provisional Application No. 61/533,927, filed on September 13, 2011.

16.     Claim 1 of the '225 Patent claims the following:

1. A convertible children's high chair comprising:

a frame configured for resting on a floor;

a first child seat defining a first seating surface, the first child seat being coupled to the frame and supported above the floor; and

a second child seat defining a second seating surface, the second child seat configured for being removably coupled to the first child seat;

wherein the second child seat defines a base
surface configured for engaging the first
seating surface of the first child seat when
the second child seat is coupled to the first
child seat and for resting directly on a flat
support surface and thereby supporting the
second child seat in a stable upright position
on the flat support surface when the second
child seat is decoupled from the first child
seat.

### U.S. Patent No. 9,883,749 (the '749 Patent)

17.    Kids2 is the owner of all rights, title and interest including the right to
bring a suit for both ongoing and past patent infringement – in the '749 Patent,
entitled "Convertible High Chair". The '749 Patent was granted on February 6, 2018
from Application No. 14/742,132 and lists Jessica Kostyniak, Jacob Sclare, and
Daniel Corso as inventors. The '749 Patent claims priority to Provisional Application
No. 61/533,927, filed on September 13, 2011.

18.    Claim 1 of the '749 Patent claims the following:

1. A convertible children's high chair comprising:

a first seat assembly comprising a frame configured for
resting on a floor, and a

first child seat attached to the frame and supported above
the floor by the

frame; and

a second child seat comprising a base portion and a
seatback portion, wherein the same base portion both
engages the first seat assembly when the second child seat
is coupled to the first seat assembly in a high chair
configuration, and also rests directly on a flat support
surface without the need for a separate support member
between the base portion and the flat support surface to
independently support the second child seat in a stable
upright position on the flat support surface when the

second child seat is decoupled from the first seat assembly in a booster seat configuration.

### U.S. Patent No. 10,278,513 (the '513 Patent)

19.    Kids2 is the owner of all rights, title and interest including the right to bring a suit for both ongoing and past patent infringement – in the '513 Patent, entitled "Convertible High Chair". The '513 Patent was granted on May 7, 2019 from Application No. 15/670,170 and lists Jessica Kostyniak, Jacob Sclare, and Daniel Corso as inventors. The '513 Patent claims priority to Provisional Application No. 61/533,927, filed on September 13, 2011.

20.    Claim 1 of the '513 Patent claims the following:

1. A convertible high chair convertible between a high chair configuration and a booster seat configuration, the convertible high chair comprising:

a first seating assembly comprising a support frame and a first child seat mounted to the support frame, the support frame comprising a pair of front leg frame members extending downwardly from the first child seat, and a pair of back leg frame members extending downwardly from the first child seat; and

a second child seat configured for use in the high chair configuration and in the booster seat configuration, wherein the second child seat is detachably coupled to the first child seat with a base portion of the second child seat supported over the first child seat in the high chair configuration, and wherein the second child seat is detached from the first child seat with the base portion of the second child seat configured to rest directly on a generally flat support surface and support the second child seat in a stable upright position on the generally flat support surface in the booster seat configuration.

COMPLAINT FOR PATENT
INFRINGEMENT

**U.S. Patent No. 10,835,053 (the '053 Patent)**

21.     Kids2 is the owner of all rights, title and interest including the right to bring a suit for both ongoing and past patent infringement – in the '053 Patent, entitled "Convertible High Chair". The '053 Patent was granted on November 17, 2020 from Application No. 16/367,832 and lists Jessica Kostyniak, Jacob Sclare, and Daniel Corso as inventors. The '053 Patent claims priority to Provisional Application No. 61/533,927, filed on September 13, 2011.

22.     Claim 1 of the '053 Patent claims the following:

1. A convertible high chair comprising:

a frame configured for resting on a support surface, the frame including a plurality of upwardly extending frame members;

a first child seat supported in an elevated position above the support surface by the upwardly extending frame members, the first child seat comprising a first seating surface;

a second child seat comprising a second seating surface, and a base surface, wherein the base surface of the second child seat is dimensioned to nest within the first child seat in a high chair configuration when the second child seat is coupled to the high chair, and wherein the base surface of the second child seat is also configured to provide a stable platform on which the second child seat rests on a separate support surface, without the need for a separate base or support member, in a booster seat configuration when the second child seat is decoupled from the high chair.

**U.S. Patent No. 11,534,006 (the '006 Patent)**

23.     Kids2 is the owner of all rights, title and interest including the right to bring a suit for both ongoing and past patent infringement – in the '006 Patent, entitled "Convertible High Chair". The '006 Patent was granted on December 27,

COMPLAINT FOR PATENT
INFRINGEMENT

2022 from Application No. 17/070,719 and lists Jessica Kostyniak, Jacob Sclare, and Daniel Corso as inventors. The '006 Patent claims priority to Provisional Application No. 61/533,927, filed on September 13, 2011.

24.    Claim 1 of the '006 Patent claims the following:

> 1. A convertible children's highchair comprising: a frame configured for resting on a floor; a first child seat defining a first seating surface, the first child seat being coupled to the frame with the first seating surface supported above the floor; and a second child seat comprising an upper portion defining a second seating surface configured for supporting a child, and a lower portion having a lower surface configured for resting on a flat support surface and supporting the second child seat in a stable upright position on the flat support surface, wherein the upper and lower portions of the second child seat are configured for detachably coupling to the first child seat.

## U.S. Patent No. 11,653,771 (the '771 Patent)

25.    Kids2 is the owner of all rights, title and interest including the right to bring a suit for both ongoing and past patent infringement – in the '771 Patent, entitled "Booster Seat for Convertible High Chair". The '771 Patent was granted on May 23, 2023 from Application No. 17/467,575 and lists Jessica Kostyniak, Jacob Sclare, and Daniel Corso as inventors. The face of the '771 Patent claims priority to Provisional Application No. 61/533,927, filed on September 13, 2011.

26.    Claim 10 of '771 Patent claims the following:

> 10. A child seat configured to be removably coupled to a high chair seat assembly, comprising:
>
> a base portion;
>
> wherein said child seat is configured to fit securely on top of the high chair seat assembly in a first mode of operation; and

wherein said base portion is configured to rest on a flat support surface without the need of an additional separate support member between the flat support surface and said base portion in a second mode of operation; and

wherein the child seat further comprises at least one strap for securing the child seat to the flat support surface in the second mode of operation, and

wherein the base portion comprises at least one compartment for storing the at least one strap when the at least one strap is not in use.

## THE KIDS2 INGENUITY TRIO 3-IN-1 HIGH CHAIR

27.    Kids2 has developed and sells the Trio 3-In-1 High Chair and the Trio Elite 3-in-1 High Chair (collectively the "Trio") through its Ingenuity® brand, and various variants thereof.

28.    Kids2 has been selling its Trio high-chair family of products since at least 2014.

29.    As shown in pictures below, the Trio easily transitions from a traditional high chair to a chair top booster to a dining chair and toddler seat, and the booster seat is specifically designed so as to be stable on a chair without a separate base.



30.    The Trio high chair, which incorporates the patented technology of the Asserted High Chair Patents, has been extremely successful and remains popular today.

31.    The Trio practices at least one claim in each of the Asserted High Chair Patents (i.e., U.S. Patent Nos. 9,101,225; 9,883,749; 10,278,513; 10,835,053; 11,534,006; and 11,653,771).

32.    As such, the Trio has been and continues to be marked in conformance with 35 U.S.C. § 287(a), such that customers are directed to a list of Kids2 patents covering the Trio products at https://www.kids2.com/pages/patents.

**THE ACCUSED HIGH CHAIR PRODUCTS**

33.    Baby Trend is and has been engaged in selling in the United States, offering for sale in the United States, and/or importing into the United States various high chair products, which infringe one or more claims of the Asserted Patents.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW

COMPLAINT FOR PATENT INFRINGEMENT

34.     For example, Baby Trend sells/offers to sell the MUV 7 in 1 High Chair on the Baby Trend website as shown in the screenshot below of the listing found at https://babytrend.com/products/muv-7-in-1-feeding-center-high-chair-jaclyn



35.     Baby Trend has also sold the MUV 7 in 1 High Chair to at least Amazon, which then sells/offers to sell this product to customers who use it, as shown below in the screenshot of the listing found at: https://www.amazon.com/MUV%C2%AE-Feeding-Center-High-Chair/dp/B08YYHH75Y?th=1



FOLEY & LARDNER LLP
ATTORNEYS AT LAW

COMPLAINT FOR PATENT INFRINGEMENT

1    As another example, Baby Trend sells/offers to sell the Everlast 7 in 1 High

2    Chair on the Baby Trend website as shown in the screenshot below of the

3    listing          found          at          https://babytrend.com/collections/high-

4    chairs/products/everlast-7-in-1-high-chair



18    36.    Baby Trend has also sold the Everlast 7 in 1 High Chair to at least

19   Amazon, which then sells/offers to sell this product to customers who use it, as shown

20   below in the screenshot of the listing found at: https://www.amazon.com/Baby-

21   Trend-Everlast-Chair-Charcoal/dp/B0C8HGTL8Y?th=1

1





37.    Baby Trend also has sold the Snap Gear 5 in 1 High Chair to at least

Amazon, which then sells/offers to sell this product to customers who use it, as shown

below in the screenshot of the listing found at: https://babytrend.com/products/a-la-

mode-snap-gear-5-in-1-high-chair-

java?bvstate=pg:2/ct:r&gad_source=1&gad_campaignid=22230245267&gbraid=0

AAAAArFM6RA7yqOkYdzyTP8B8usSUQshH&gclid=CjwKCAjwqKzEBhANEi

wAeQaPVceKTbbGe4PbvYX-

7gA1J32NR1RxeV4dOFq5Z2f5HSPkikVswN5WgBoCRJYQAvD_BwE



38.    Baby Trend has also sold the Snap Gear 5 in 1 High Chair to at least Amazon, which then sells/offers to sell this product to customers who use it, as shown below in the screenshot of the listing found at: https://www.amazon.com/Baby-Trend-Everlast-Chair-Charcoal/dp/B0C8HGTL8Y?th=1



## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,101,225

39.    The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

40.    U.S. Patent No. 9,101,225 (the "'225 Patent") is valid and enforceable.

41.    Baby Trend, in violation of 35 U.S.C. § 271, has directly and/or indirectly infringed and continues to directly and/or indirectly infringe at least claims 1 of the '225 Patent by making, using, offering to sell, selling, and/or importing the Accused Products that practice the claimed inventions in the '225 Patent, either literally or under the doctrine of equivalents, including by way of example, the Everlast 7 in 1 High Chair.

42.    Baby Trend has knowingly induced and/or contributed to infringement of the '225 Patent, at least by the date Kids2 accused Baby Trend of infringement in pre-suit correspondence, by inducing sales of the accused products and inducing use and assembly of the accused products in the United States, and by selling or offering to sell components of the accused product in the United States.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW

COMPLAINT FOR PATENT INFRINGEMENT

43.    The Everlast 7 in 1 High Chair infringes at least claim 1 of the '225 Patent.

44.    By way of example, the Everlast 7 in 1 High Chair is a convertible children's high chair that comprises a frame configured for resting on a floor as shown in the picture below.



45.    The Everlast 7 in 1 High Chair additionally comprises a first child seat defining a first seating surface, the first child seat being coupled to the frame and supported above the floor as shown in the picture below.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW

COMPLAINT FOR PATENT
INFRINGEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



46.    The Everlast 7 in 1 High Chair additionally comprises a second child seat defining a second seating surface, the second child seat configured for being removably coupled to the first child seat; wherein the second child seat defines a base surface configured for engaging the first seating surface of the first child seat when the second child seat is coupled to the first child seat and for resting directly on a flat support surface and thereby supporting the second child seat in a stable upright position on the flat support surface when the second child seat is decoupled from the first child seat as shown in the picture below.



47.    Baby Trend has directly infringed and continues to directly infringe at least claim 1 of the '225 Patent under 35 U.S.C. § 271, literally and/or under the doctrine of equivalents by selling and/or offering to sell the Everlast 7 in 1 as described in the preceding paragraphs.

48.    Baby Trend has actual knowledge of the '225 Patent, as well as knowledge of infringement of the '225 Patent, at least by the date Kids2 accused Baby Trend of infringement in pre-suit correspondence, and prior to that date was at least willfully blind to the '225 Patent and its infringement.

49.    Kids2 is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for Baby Trend's infringement.

50.    Baby Trend's prior and ongoing infringement is willful and deliberate.

51.    Baby Trend's conduct in infringing the '225 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 9,883,749**

52.    The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

53.    U.S. Patent No. 9,883,749 (the "'749 Patent") is valid and enforceable.

54.    Baby Trend, in violation of 35 U.S.C. § 271, has directly and/or indirectly infringed and continues to directly and/or indirectly infringe at least claims 1 of the '749 Patent by making, using, offering to sell, selling, and/or importing the Accused Products that practice the claimed inventions in the '749 Patent, either literally or under the doctrine of equivalents, including by way of example, the Everlast 7 in 1 High Chair.

55.    Baby Trend has knowingly induced and/or contributed to infringement of the '749 Patent, at least by the date Kids2 accused Baby Trend of infringement in pre-suit correspondence, by inducing sales of the accused products and inducing use and assembly of the accused products in the United States, and by selling or offering to sell components of the accused product in the United States.

56.    The Everlast 7 in 1 High Chair infringe at least claim 1 of the '749 Patent.

57.    By way of example, the Everlast 7 in 1 High Chair is a convertible children's high chair that comprises a first seat assembly comprising a frame configured for resting on a floor as shown in the pictures below.



58.    The Everlast 7 in 1 High Chair additionally comprises a first seat assembly comprising a first child seat attached to the frame and supported above the floor by the frame as shown in the picture below.



59.    The Everlast 7 in 1 High Chair additionally comprises a second child seat comprising a base portion and a seatback portion, wherein the same base portion both engages the first seat assembly when the second child seat is coupled to the first seat assembly in a high chair configuration, and also rests directly on a flat support surface without the need for a separate support member between the base portion and the flat support surface to independently support the second child seat in a stable upright position on the flat support surface when the second child seat is decoupled from the first seat assembly in a booster seat configuration as shown in the pictures below.



60.   Baby Trend has directly infringed and continues to directly infringe at least claim 1 of the '749 Patent under 35 U.S.C. § 271, literally and/or under the doctrine of equivalents by selling and/or offering to sell the Everlast 7 in 1 as described in the preceding paragraphs.

61.   Baby Trend has actual knowledge of the '749 Patent, as well as knowledge of infringement of the '749 Patent, at least by the date Kids2 accused Baby Trend of infringement in pre-suit correspondence, and prior to that date was at least willfully blind to the '749 Patent and its infringement.

62.   Kids2 is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for Baby Trend's infringement.

63.   Baby Trend's prior and ongoing infringement is willful and deliberate.

64.   Baby Trend's conduct in infringing the '749 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 10,278,513**

65.   The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

66.     U.S. Patent No. 10,278,513 (the "'513 Patent") is valid and enforceable.

67.     Baby Trend, in violation of 35 U.S.C. § 271, has directly and/or indirectly infringed and continues to directly and/or indirectly infringe at least claim 1 of the '513 Patent by making, using, offering to sell, selling, and/or importing the Accused Products that practice the claimed inventions in the '513 Patent, either literally or under the doctrine of equivalents, including by way of example, the Everlast 7 in 1 High Chair.

68.     Baby Trend has knowingly induced and/or contributed to infringement of the '513 Patent, at least by the time Kids2 accused Baby Trend of infringement in pre-suit correspondence, by inducing sales of the accused products and inducing use and assembly of the accused products in the United States, and by selling or offering to sell components of the accused product in the United States.

69.     The Everlast 7 in 1 High Chair infringes at least claim 1 of the '513 Patent.

70.     By way of example, the Everlast 7 in 1 High Chair is a convertible high chair convertible between a high chair configuration and a booster seat configuration, the convertible high chair comprising a first seating assembly comprising a support frame and a first child seat mounted to the support frame as shown in the picture below.

COMPLAINT FOR PATENT
INFRINGEMENT

1
2
3
4
5
6
7
8
9
10
11
12



13    71.    The Everlast 7 in 1 High Chair additionally comprises a support frame

14  comprising a pair of front leg frame members extending downwardly from the first

15  child seat, and a pair of back leg frame members extending downwardly from the

16  first child seat as shown in the picture below.

17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13



14     72.     The Everlast 7 in 1 High Chair additionally comprises a second child

15  seat configured for use in the high chair configuration and in the booster seat

16  configuration, wherein the second child seat is detachably coupled to the first child

17  seat with a base portion of the second child seat supported over the first child seat in

18  the high chair configuration, and wherein the second child seat is detached from the

19  first child seat with the base portion of the second child seat configured to rest directly

20  on a generally flat support surface and support the second child seat in a stable upright

21  position on the generally flat support surface in the booster seat configuration as

22  shown in the pictures below.

23
24
25
26
27
28

COMPLAINT FOR PATENT
INFRINGEMENT



 

73.    The Everlast 7 in 1 High Chair has directly infringed and continues to directly infringe at least claims 1 of the '513 Patent under 35 U.S.C. § 271, literally and/or under the doctrine of equivalents by selling and/or offering to sell the Everlast 7 in 1 High Chair as described in the preceding paragraphs.

74.    Baby Trend has actual knowledge of the '513 Patent, as well as knowledge of infringement of the '513 Patent, at least by the date Kids2 accused Baby Trend of infringement in pre-suit correspondence, and prior to that date was at least willfully blind to the '513 Patent and its infringement.

75.    Kids2 is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for Baby Trend's infringement.

76.    Baby Trend's prior and ongoing infringement is willful and deliberate.

77.     Baby Trend's conduct in infringing the '513 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 10,835,053**

78.     The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

79.     U.S. Patent No. 10,835,053 (the "'053 Patent") is valid and enforceable.

80.     Baby Trend, in violation of 35 U.S.C. § 271, has directly and/or indirectly infringed and continues to directly and/or indirectly infringe at least claim 1 of the '053 Patent by making, using, offering to sell, selling, and/or importing the Accused Products that practice the claimed inventions in the '053 Patent, either literally or under the doctrine of equivalents, including by way of example, the Everlast 7 in 1 High Chair.

81.     Baby Trend has knowingly induced and/or contributed to infringement of the '053 Patent, at least by the date Kids2 accused Baby Trend of infringement in pre-suit correspondence, by inducing sales of the accused products and inducing use and assembly of the accused products in the United States, and by selling or offering to sell components of the accused product in the United States.

82.     The Everlast 7 in 1 High Chair infringe at least claim 1 of the '053 Patent.

83.     The Everlast 7 in 1 High Chair is a convertible high chair comprising a frame configured for resting on a support surface, the frame including a plurality of upwardly extending frame members as shown in the picture below.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW

COMPLAINT FOR PATENT
INFRINGEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13



14    84.    The Everlast 7 in 1 High Chair additionally comprises a first child seat

15  supported in an elevated position above the support surface by the upwardly

16  extending frame members, the first child seat comprising a first seating surface as

17  shown in the picture below.

18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR PATENT
INFRINGEMENT



85.     The Everlast 7 in 1 High Chair additionally comprises a second child seat comprising a second seating surface, and a base surface, wherein the base surface of the second child seat is dimensioned to nest within the first child seat in a high chair configuration when the second child seat is coupled to the high chair, and wherein the base surface of the second child seat is also configured to provide a stable platform on which the second child seat rests on a separate support surface, without the need for a separate base or support member, in a booster seat configuration when the second child seat is decoupled from the high chair as shown in the pictures below.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW

COMPLAINT FOR PATENT INFRINGEMENT



86.     Baby Trend has directly infringed and continues to directly infringe at least claim 1 of the '053 Patent under 35 U.S.C. § 271, literally and/or under the doctrine of equivalents by selling and/or offering to sell the Everlast 7 in 1 High Chair as described in the preceding paragraphs.

87.     Baby Trend has actual knowledge of the '053 Patent, as well as knowledge of infringement of the '053 Patent, at least by the date Kids2 accused Baby Trend of infringement in pre-suit correspondence, and prior to that date was at least willfully blind to the '053 Patent and its infringement.

88.     Kids2 is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for Baby Trend's infringement.

89.     Baby Trend's prior and ongoing infringement is willful and deliberate.

90.     Baby Trend's conduct in infringing the '053 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

**COUNT V: INFRINGEMENT OF U.S. PATENT NO. 11,534,006**

91.     The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

92.     U.S. Patent No. 11,534,006 (the "'006 Patent") is valid and enforceable.

93.     Baby Trend, in violation of 35 U.S.C. § 271, has directly and/or indirectly infringed and continues to directly and/or indirectly infringe at least claim 1 of the '006 Patent by making, using, offering to sell, selling, and/or importing the Accused Products that practice the claimed inventions in the '006 Patent, either literally or under the doctrine of equivalents, including by way of example, the Everlast 7 in 1 High Chair.

94.     Baby Trend has knowingly induced and/or contributed to infringement of the '006 Patent, at least by the date of being notified of the asserted patents prior to the filing of the suit, by inducing sales of the accused products and inducing use and assembly of the accused products in the United States, and by selling or offering to sell components of the accused product in the United States.

95.     The Everlast 7 in 1 High Chair infringes at least claim 1 of the '006 Patent.

96.     The Everlast 7 in 1 High Chair is a convertible children's high chair comprising a frame configured for resting on a floor as shown in the picture below.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW

COMPLAINT FOR PATENT INFRINGEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13



14    97.    The Everlast 7 in 1 High Chair additionally comprises a first child seat

15  being coupled to the frame with the first seating surface supported above the floor as

16  shown in the picture below.

17
18
19
20
21
22
23
24
25
26
27
28

FOLEY & LARDNER LLP
ATTORNEYS AT LAW

COMPLAINT FOR PATENT
INFRINGEMENT



98.   The Everlast 7 in 1 High Chair additionally comprises a second child seat comprising an upper portion defining a second seating surface configured for supporting a child, and a lower portion having a lower surface configured for resting on a flat support surface and supporting the second child seat in a stable upright position on the flat support surface, wherein the upper and lower portions of the second child seat are configured for detachably coupling to the first child seat as shown in the picture above and below.




99.    Baby Trend has directly infringed and continues to directly infringe at least claim 1 of the '006 Patent under 35 U.S.C. § 271, literally and/or under the doctrine of equivalents by selling and/or offering to sell the Everlast 7 in 1 High Chair as described in the preceding paragraphs.

100.    Baby Trend has actual knowledge of the '006 Patent, as well as knowledge of infringement of the '006 Patent, at least by the date Kids2 accused Baby Trend of infringement in pre-suit correspondence, and prior to that date was at least willfully blind to the '006 Patent and its infringement.

101.    Kids2 is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for Baby Trend's infringement.

102.    Baby Trend's prior and ongoing infringement is willful and deliberate.

103.    Baby Trend's conduct in infringing the '006 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

**COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 11,653,771**

104.    The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

105.    U.S. Patent No. 11,653,771 (the "'771 Patent") is valid and enforceable.

106.    Baby Trend, in violation of 35 U.S.C. § 271, has directly and/or indirectly infringed and continues to directly and/or indirectly infringe at least one claim of the '771 Patent by making, using, offering to sell, selling, and/or importing the Accused Products that practice the claimed inventions in the '771 Patent, either literally or under the doctrine of equivalents, including by way of example, the MUV 7 in 1 High Chair and the Snap Gear 5 in 1 High Chair.

107.    Baby Trend has knowingly induced and/or contributed to infringement of the '771 Patent, at least by the date of being notified of the asserted patents prior to the filing of the suit, by inducing sales of the accused products and inducing use and assembly of the accused products in the United States, and by selling or offering to sell components of the accused product in the United States.

108.    The MUV 7 in 1 High Chair and Snap Gear 5 in 1 High Chair infringes at least claim 10 of the '771 Patent.

109.    By way of example, the MUV High Chair includes child seat is configured to fit securely on top of the high chair seat assembly in a first mode of operation as shown in the pictures below. Additionally, the Snap Gear High 5 in 1 Chair similarly infringes.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



**MUV 7 in 1 High Chair**

16      110.   Additionally, the base portion of the MUV High Chair is configured to
17  rest on a flat support surface without the need of an additional separate support
18  member between the flat support surface and said base portion in a second mode of
19  operation as shown in the picture below. Additionally, the Snap Gear 5 in 1 High
20  Chair similarly infringes.
21
22
23
24
25
26
27
28

FOLEY & LARDNER LLP
ATTORNEYS AT LAW

COMPLAINT FOR PATENT
INFRINGEMENT

1
2
3
4
5
6
7
8
9
10
11
12



**MUV 7 in 1 High Chair**

13   111.   Additionally, the child seat of the MUV High Chair further comprises
14
at least one strap for securing the child seat to the flat support surface in the second
15
mode of operation as shown in the pictures below. Additionally, the Snap Gear 5 in
16
1 High Chair similarly infringes.
17
18
19
20
21
22



23
24
25
26
27
28

**MUV 7 in 1 High Chair**

112.   Additionally, the base portion of the MUV High Chair comprises at least one compartment for storing the at least one strap when the at least one strap is not in use. Additionally, the Snap Gear 5 in 1 High Chair similarly infringes.



**MUV 7 in 1 High Chair**

113.   Baby Trend has directly infringed and continues to directly infringe at least claim 10 of the '771 Patent under 35 U.S.C. § 271, literally and/or under the doctrine of equivalents by selling and/or offering to sell MUV 7 in 1 High Chair and the Snap Gear 5 in 1 High Chair as described in the preceding paragraphs.

114.   Baby Trend has actual knowledge of the '771 Patent, as well as knowledge of infringement of the '771 Patent, at least by the date Kids2 accused Baby Trend of infringement in pre-suit correspondence, and prior to that date was at least willfully blind to the '771 Patent and its infringement.

115.   Kids2 is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for Baby Trend's infringement.

116.   Baby Trend's prior and ongoing infringement is willful and deliberate.

117.   Baby Trend's conduct in infringing the '771 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285

## DAMAGES

118.   Kids2 is entitled to monetary damages adequate to compensate Kids2 for Baby Trend's infringement in an amount not less than the greater of a reasonable royalty for the use made of the patented inventions by Baby Trend or the lost profits suffered by Kids2 due to Baby Trend's infringement. The precise amount of damages will be determined through discovery in this litigation and proven at trial.

119.   As explained in the preceding paragraphs, relative to products covered by the claims, Kids2 has marked in compliance with 35 U.S.C. § 287.  Accordingly, the period of recoverable damages is not limited by actual notice to Baby Trend of the High Chair Patents and Kids2 is entitled to monetary damages beginning six years prior to commencement of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment as follows:

(a) a judgment that Defendant has directly and jointly infringed, indirectly infringed, induced others to infringe and/or contributed to others' infringement of one or more claims of each of the Patents-in-Suit;

(b) a permanent injunction under 35 U.S.C. § 283, enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, subsidiaries, parents, licensees, assigns, and customers, and all others acting in concert or participation with them, from further acts of direct and joint infringement, inducing infringement, and/or contributing to infringement of the Patents-in-Suit;

FOLEY & LARDNER LLP
ATTORNEYS AT LAW

- 37 -

COMPLAINT FOR PATENT INFRINGEMENT

(c) a judgment against Defendant for money damages sustained as a result of Defendant's infringement of the Patents-in-Suit in an amount to be determined at trial provided under 35 U.S.C. § 284, including enhanced damages due to, for example, Defendant's willful infringement of the Patents-in-Suit and its intentional and willful blindness;

(d) an award of pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

(e) a finding that this case is an exceptional case under 35 U.S.C. § 285;

(f) an award of reasonable attorneys' fees and costs incurred in connection with this action;

(g) a compulsory future royalty;

(h) any and all other relief as the Court finds just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby respectfully requests trial by jury under Rule 38 of the Federal Rules of Civil Procedure on all issues in this action so triable.

Dated:  August 1, 2025                    Respectfully submitted,


                                          */s/ Jean-Paul Ciardullo*
                                          Jean-Paul Ciardullo (SBN 284170)
                                            jciardullo@foley.com
                                          FOLEY & LARDNER LLP
                                          555 South Flower Street, Suite 3300
                                          Los Angeles, CA 90071-2418
                                          Telephone: 213-972-4500
                                          Facsimile: 213-486-0065